PER CURIAM.
K.C. petitions this court for a writ of habe-as corpus alleging that he was illegally detained pending an adjudicatory hearing on two delinquency charges. This petition was filed with petitions from three other juveniles who also appeared at detention hearings on the same day before the same judge. The petition asks this court to render a decision on the legality of the detention procedure used even if, as has happened, the petitioner is released from detention prior to this court’s consideration of the ease. The petition claims that the ruling of the trial court is capable of repetition yet might evade review because of the peculiar nature of the order.
Because K.C. has been released from the secure detention the court ordered, we deny his petition as moot. We find, however, that this detention scheme will likely recur, and mootness will not defeat this court’s jurisdiction to determine the legality of the court’s order of detention. See Holly v. Auld, 450 So.2d 217, 218 n. 1 (Fla.1984).
K.C. scored ten points on the risk assessment instrument, which would have justified placing him in nonsecure or home detention. See § 39.044, Fla. Stat. (1995). The trial court, nevertheless, ordered him to be placed in secure detention with the proviso that he could be released after 120 hours at the “counselor’s discretion.” Selective application of this discretion, as was evidently utilized in this case, could forever bar appellate review of a patently illegal detention order were we simply to deny the petition as moot without opinion.
The attorney general’s office, to its credit, accepted KC.’s invitation to respond to the merits of the petition even though the child had been released prior to the date on which its response was due to be filed. That response candidly stated that the detention was *859 illegal and that the same procedure was often used by trial courts in this district. Thus, the attorney general’s office has put prosecutors and courts on notice that it will not be arguing indefensible positions in support of detention procedures which do not comport with the strict requirements of chapter 39, Florida Statutes (1995).
Use of a risk assessment instrument is a legislative mandate, and trial courts which fail to establish legitimate reasons to forego the instrument’s directive, as is their option, are not upholding the law. See J.L. v. McCormick, 671 So.2d 202 (Fla. 2d DCA 1996). We sympathize with the trial court’s frustration that, absent clear and convincing reasons to depart from the placement required by the risk assessment instrument, the court had no choice but to release K.C. from secure detention, despite his record of a prior delinquency and his current charge of using a broken table leg to menace a teacher. Until the legislature empowers juvenile court judges with the measure of discretion afforded to criminal court judges to protect society from its dangerous elements, delinquent offenders will be released back into society despite a belief by the juvenile court judge that contrary action is warranted.
Few petitions filed in this court regarding the legality of juvenile detentions raise challenging legal questions. The majority ask only that the trial courts follow the simple dictates of chapter 39 when considering the detention of a juvenile prior to an adjudicatory or dispositional hearing. The processing of petitions of obvious merit such as this one consumes public resources of the public defender’s office, the attorney general’s office and this court — time which could be better spent on disputes that are honestly debatable.
The petition for writ of habeas corpus, having merit when filed, is denied as moot because the petitioner has been released from detention.
DANAHY, A.C.J., and FRANK and BLUE, JJ., concur.